IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

GARRATT EUGENE ROYALTY,      )
                             )
        Plaintiff,           )
                             )
    v.                       )        CV 117-168
                             )
ALFONZO WILLIAMS, Sheriff, Individual   )
Capacity and Official Capacity, et al.,   )
                             )
        Defendants.          )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, a pretrial detainee at Burke County Jail in Waynesboro, Georgia, has submitted to the Court for filing an amended complaint brought pursuant to 42 U.S.C. § 1983.  Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.      **SCREENING OF THE AMENDED COMPLAINT**

        A.      **BACKGROUND**

        Plaintiff names as Defendants:  (1) Sheriff Alfonzo Williams; (2) Major John Bush; (3) Major Chester Huffman; (4) Captain Cassandra Haynes; (5) Sergeant J. Wright; and (6) Investigator Ben Harmon.  (Doc. no. 1, pp. 2-4.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

        On October 22, 2017, Plaintiff was arrested and taken to the Burke County Detention

Center ("BCDC").  (Id. at 14.)  Mrs. Priscilla Dann arrived at BCDC and asked for the keys to

Plaintiff's vehicle.  (Id.)  Sgt. Wright asked Plaintiff if Mrs. Dann could have the keys.  (Id.)

Plaintiff asked Sgt. Wright why he would give Ms. Dann the keys when he was "locked up" and

told Sgt. Wright to tell Mrs. Dann he "still love[s] her."  (Id.)  Plaintiff did not give Sgt. Wright

permission to give her the keys and did not sign a property release form.  (Id.)

On October 27, 2017, Plaintiff found out from his mother Mrs. Dann was driving his

vehicle.  (Id.)  Plaintiff began to file grievances and to request charges against Sgt. Wright.  (Id.)

Plaintiff's mother called the Burke County Sheriff's Office to report the vehicle stolen.  (Id.)  On

October 30, 2017, Plaintiff filed a grievance to Major Huffman stating Sgt. Wright was negligent

and in violation of jail regulations by giving his property away without his permission and a

signed release.  (Id.)  Plaintiff's grievance was "marked received and closed." on November 1,

2017.  (Id.)  On November 2, 2017, Sgt. Wright pulled Plaintiff into the hall where no cameras

were located, shook Plaintiff's grievance in his face, and tried to intimidate and "coach" Plaintiff

into saying he had given Sgt. Wright permission.  (Id. at 15.)  Plaintiff repeated he did not give

Sgt. Wright permission.  (Id.)  Plaintiff reported anxiety attacks at sick call as a result of the

deprivation.  (Id.)  Plaintiff wrote additional grievances to Major Bush requesting forms for

"Administrative Remedy Program relief."  (Id.)

On November 7, 2017, Plaintiff asked Sherriff Williams for some time to talk about his

vehicle, but Sheriff Williams ignored Plaintiff.  (Id.)  Thirty minutes later, Sgt. Wright took

Plaintiff to Major Bush and Captain Haynes.  (Id.)  Plaintiff explained his grievance.  (Id.)

Captain Haynes attempted to call Plaintiff's "children's mother" and then Mrs. Dann but did not

receive a response from either.  (Id.)

On November 8, 2017, Plaintiff met Ben Harmon, an investigator from the Burke County Sheriff's Office. (<u>Id.</u> at 16.) Inv. Harmon told Plaintiff his vehicle was now in the stolen vehicle database and asked Plaintiff if he knew how to contact Mrs. Dann. (<u>Id.</u>) Plaintiff said the only way was through Facebook, so Inv. Harmon logged onto Plaintiff's Facebook account and attempted to contact Mrs. Dann. (<u>Id.</u>) Mrs. Dann then called and told Inv. Harmon she had Plaintiff's vehicle and offered to leave it at the Albany Fairgrounds to be towed. (<u>Id.</u>) Inv. Harmon told Mrs. Dann not to leave the truck and informed her there was an internal investigation about the vehicle. (<u>Id.</u>) Inv. Harmon did not attempt to contact law enforcement in Albany to obtain the vehicle. (<u>Id.</u>) Inv. Harmon admitted a policy violation occurred. (<u>Id.</u> at 17.)

Plaintiff's grievances were closed on November 8, 2017, indicating Plaintiff had met with Inv. Harmon, there was no violation of criminal law, and the policy violation was being addressed. (<u>Id.</u> at 16.) On November 19, 2017, Major Huffman responded to Plaintiff's grievance by saying Plaintiff would not receive privileged information about any disciplinary actions that may occur and directing him to contact Inv. Harmon about the matter if he wanted additional information. (<u>Id.</u>) Major Hoffman admitted an administrative violation occurred. (<u>Id.</u>)

On December 1, 2017, Deputy Thomas told Plaintiff he would speak to someone about Plaintiff "want[ing] to sign a warrant" regarding his vehicle, but Captain Haynes told Deputy Thomas not to because the matter was being handled. (<u>Id.</u>) On December 9, 2017, Officer Tyler told Plaintiff he knew Sgt. Wright gave away Plaintiff's truck "illegally" because regulations require signed permission and do not allow officers to remove individual items from sealed

property bags, as Sgt. Wright did here with Plaintiff's keys.  (Id.)  On February 27, 2018, Lieutenant Williams asked Plaintiff. "what the jail was doing about [his] vehicle."  (Id.)  Plaintiff requests "administrative relief" in the amount of $60,000 in compensation for his vehicle and personal belongings.  (Id. at 18.)

### B.     DISCUSSION

#### 1.     Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant

4

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Based on the Deprivation of His Personal Property.

The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff

has an adequate remedy at State law, and he fails to state a valid § 1983 due process claim based on the deprivation of his property.

Furthermore, Plaintiff indicates the desire to press charges against Sgt. Wright. The law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Weaver v. Mateer and Harbert, P.A., 523 F. App'x 565, 568 (11th Cir. 2013) (citing Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding there is no constitutional right for member of public, as victim, to have defendants, including state government officials, criminally prosecuted). Thus, Plaintiff does not have a constitutional right to bring charges against Sgt. Wright for allowing Mrs. Dann to take Plaintiff's vehicle.

### 3.    Plaintiff Fails to State an Equal Protection Claim.

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Plaintiff does not meet these criteria. Here, Plaintiff fails to allege any facts indicating he was treated differently from other similarly situated individuals. Accordingly, Plaintiff fails to state an equal protection claim.

6

**4.      Plaintiff Fails to State a Claim Under the FTCA.**

The Federal Torts Claim Act (FTCA) is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States.  28 U.S.C. §§ 1346(b)(1) & 2674; see also, Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").

Here, Plaintiff has not sued the United States, which is the proper defendant in a FTCA action.  § 1346(b)(1).  Furthermore, Plaintiff does not claim Defendants are either federal employees or persons acting on behalf of the United States.  Id.  Accordingly, Plaintiff fails to state a FTCA claim against Defendants.

**5.      Plaintiff's "Administrative Claim" Does Not Entitle Him to Relief.**

Plaintiff also brings an "administrative claim for los[t] property" under 31 U.S.C. § 3723(a)(1).  (Doc. no. 13, p. 3.)  Section 3723 states "[t]he head of an agency . . . may settle a claim for not more than $1,000 for damages to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment . . . ."  31 U.S.C. 3723(a)(1).

Even assuming § 3723 creates a cause of action under which Plaintiff could bring suit, Plaintiff's allegations do not satisfy the requirements of the statute because he does not claim Defendants are officers or employees of the United States.  Accordingly, Plaintiff's attempt to state a claim under § 3723 fails.

7

**6.      Any Potential State Law Claims Should Be Dismissed.**

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his amended complaint, those should be dismissed so that Plaintiff may pursue them in state court.  Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Section 1331 provides the Court authority to rule in a § 1983 case.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."  <u>Id.</u> § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists.  <u>See</u> <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants.").  Accordingly, any potential state law claims Plaintiff believes he may have should be dismissed so that he may, if he chooses, pursue them in state court.

8

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the February 14, 2018 Report and Recommendation be **VACATED**, (doc. no. 7), Plaintiff's amended complaint be **DISMISSED** for failure to state a claim, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA