IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GARRATT EUGENE ROYALTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 117-168 |
| | ) |
| ALFONZO WILLIAMS, Sheriff, Individual | ) |
| Capacity and Official Capacity, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's March 30, 2018 Report and Recommendation ("R&R"), to which no objections have been filed.

In lieu of objections, Plaintiff filed a motion to amend his amended complaint and a "Motion for Objections." (Doc. nos. 16, 17.) In his motion to amend, Plaintiff asks the Court to allow him to amend his complaint for the second time "to add new Defendants as well as change his prayer for relief" under 31 U.S.C. § 3723, indicating he is aware "he has asked for to[o] much money," and asks the Court to exercise jurisdiction over his state law claims. (Doc. no. 16.) Similarly, in his "Motion for Objections," Plaintiff asks the Court not to dismiss his complaint and allow him to amend his claims under § 3723 and 28 U.S.C. 1346(b)(1), add new defendants, and consider his state law claims. (Doc. no. 17.) Because

Plaintiff does not contest the findings or recommendation of the Magistrate Judge in his "Motion for Objections," the Court does not consider the motion an objection to the R&R.

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend his pleading once as a matter of course within twenty-one days after service. Thereafter, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

As Plaintiff previously filed an amended complaint, he is not entitled to amend as a matter of right. (See doc. nos. 12, 13.) Accordingly, although leave to amend is generally freely given, Plaintiff's proposed amendment is improper because it would be futile. In the March 30th R&R, the Magistrate Judge recommended Plaintiff's § 3723 and § 1346 claims

2

be dismissed for failure to state a claim because both require unlawful action by a federal employee, and Plaintiff sued only employees of the Burke County Sheriff's Office and Burke County Detention Center. (Doc. no. 14, p. 7.) Indeed, Plaintiff's factual allegations exclusively involve actions by Burke County officials during the course of his pretrial detention in the Burke County Detention Center. (Id. at 1-4.) Plaintiff has never alleged involvement by federal officials in either his original or amended complaints, (see doc. nos. 1, 13), and there is no reason to believe Plaintiff will be able to rewrite his complaint to allege federal employees were actually responsible for the alleged wrongdoing.

Furthermore, it appears Plaintiff is attempting to fix each pleading deficiency as the Court points it out. However, "Rule 15's liberal amendment standard is not an unqualified license to fix every new defect as the court uncovers them." In re Engle Cases, 767 F.3d 1082, 1123 (11th Cir. 2014). Plaintiff initially added his § 3723 and § 1346 claims only after the Magistrate Judge recommended Plaintiff's other claims be dismissed in the February 14, 2018 R&R. (Doc. nos. 7, 13.) Now that the Magistrate Judge recommends Plaintiff's new claims be dismissed for failure to state a claim, he is again attempting to fix the newly uncovered defects.

Because the amended complaint would still be subject to dismissal for failing to state a claim even if the Court granted Plaintiff's motions, his proposed amendments are futile. Coventry First, LLC, 605 F.3d at 870. Thus, the Court **DENIES** Plaintiff's motions to amend and "Motion for Objections." (Doc. nos. 16, 17.)

Accordingly, the Court **ADOPTS** the March 30, 2018 R&R of the Magistrate Judge as its opinion (doc. no. 14), **VACATES** the February 14, 2018 R&R, (doc. no. 7),

**DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and **CLOSES** this civil action.

SO ORDERED this 25th day of April 2018, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA